**DELCATH SYSTEMS, INC.,**
**Plaintiff–Appellee,**

v.

**Robert LADD, Laddcap Value Partners LP, Laddcap Value Advisors LLC, and Laddcap Value Associates LLC, Defendant–Appellants.**

**Docket No. 06–4395–cv.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 25, 2006.

Decided: Sept. 25, 2006.

As amended: Sept. 25, 2006.

Adam H. Offenhart (Aric H. Wu, on the brief), Gibson, Dunn & Crutcher LLP, New York, NY, for Plaintiff–Appellee.

Steven M. Hecht (John J.D. McFerrin–Clancy, Thomas E. Redburn, Jr., on the brief), Lowenstein Sandler PC, New York, NY, Richard W. Cohen, Lowey Dannenberg Bemporad & Selinger, P.C., White Plains, NY, for Defendant–Appellants.

Before WALKER, Chief Judge, LEVAL and KATZMANN, Circuit Judges.

PER CURIAM.

■ Defendants Ladd, Laddcap Value Partners LP, *et al.* ("Laddcap") appeal from a temporary restraining order against them entered on the motion of the plaintiff Delcath Systems, Inc. Laddcap brings an emergency motion for relief from one of the prohibitions of the order, which bars them from filing with Delcath shareholder consents they received seeking to replace some of its directors. We find for the reasons set forth below that the maintenance of the order in its present terms past the close of business today, September 25, 2006, is beyond the district court's permissible exercise of discretion. We hereby modify the order effective immediately upon the filing of this ruling.

The district court's order forbids all parties from taking "any action, including delivery of consents to Delcath or its registered agent," pertaining to the shareholder consents solicited and obtained by Laddcap for the replacement of directors. Laddcap moves to modify the order to eliminate the provision that prohibits it from filing the consents with Delcath. Under Delaware General Corporation Law § 228(c), if the consents are not filed with Delcath within the 60–day period following the earliest dated consent, which ends today, the consents become ineffective. *Id.* ("[N]o written consent shall be effective ... unless, within 60 days of the earliest dated consent ... written consents signed by a sufficient number of holders ... to take action are delivered to the corpora-

tion....").  Accordingly, if the present TRO is continued in effect past the close of business today, so that the consents are not filed today, Delcath will have permanently nullified Laddcap's consents.

The basis of the district court's order forbidding the filing was the court's observation of a likelihood that Delcath could succeed in proving at trial that the consents were procured by misleading solicitation. However, there has been no trial of Delcath's allegations of fraud. There has not even been a preliminary injunction hearing at which Laddcap could challenge Delcath's assertions. If the court's order remains in effect barring the filing of Laddcap's consents, Delcath will have won a total victory, nullifying the consents, without ever having to prove its allegations of fraud.

■ The court's order was based in part on what we believe is a misunderstanding of Delaware law. The court was of the view that Delcath would suffer irreparable harm if the consents were filed, because a court would lack power under Delaware law to stay their effectiveness pending litigation over their validity. Thus, on the district court's view of the Delaware law, the mere act of filing the consents would result in the removal of Delcath's directors, notwithstanding Delcath's potentially valid claim that the consents should be voided by reason of misleading solicitation. The district court believed this position was justified by two Delaware court rulings, *Allen v. Prime Computer, Corp.,* 540 A.2d 417, 420 (Del.1988), and *Datapoint Corp. v. Plaza Securities,* 496 A.2d 1031, 1035–36 (Del.1985). We believe the district court's interpretation of these cases misreads Delaware law. The cases establish only that § 228 does not permit a corporation to adopt bylaws delaying the effectiveness of a shareholder vote. They

contain no implication that a court, notwithstanding a significant showing of likely fraud, would nonetheless be powerless to stay the effectiveness of shareholder votes pending a hearing on whether the votes were procured through fraud. We see nothing in Delaware law that would prevent the consents collected by Laddcap from being filed within the permissible 60 day period, so as to preserve their potential effectiveness, subject to a court order staying their effectiveness and perhaps even staying the counting and public disclosure of the consents, until challenges to their validity have been tried. In this fashion, Delcath can be protected from any harm resulting from the filing of the consents, even assuming they were procured by fraud. We therefore conclude that Delcath has failed to demonstrate that the mere act of filing the consents would cause it to suffer irreparable harm. Under the standards of Fed.R.Civ.P. 65, Delcath is therefore not entitled to preliminary injunctive relief barring Laddcap from filing the consents.

We recognize that the district court also purported to justify its finding of irreparable harm to Delcath based on its observation that shareholders voted on the basis of misleading information provided by Laddcap and that "even a post-vote voiding of consents might not avoid the irreparable injury to the incumbent board based on the negative impression that has been conveyed to the shareholders by the false and misleading information disseminated during the contest." Sufficient reason to reject this reasoning lies in the fact that there has been no trial at which the Laddcap defendants could contest the allegations that their solicitation was deceptive.

Laddcap does not seek to have the district court's order vacated outright. Their motion seeks more modest relief. Laddcap asks only that the order be modified by eliminating the prohibition on filing the consents, so as to permit Laddcap to file within the deadline imposed by § 228(c). Laddcap does not object to a continuing stay of any action to give effect to the consents pending trial of their validity. Laddcap is entitled to this relief.

We hereby modify the district court's order by eliminating its prohibition on the filing of the consents procured by the Laddcap defendants. All further action to give effect to those consents (including the counting of the consents and disclosure of their contents) continues to be stayed pursuant to the terms of the district court's order, pending trial of Delcath's allegations that the consents should be voided, and pending further order of the district court as this litigation proceeds.